BARGER v SHEET METAL INDUSTRIES, INC

1. NEGLIGENCE—DUTY—FORESEEABILITY—DIRECTED VERDICT.

   The question of whether a legal duty exists is a question of law, but the question of whether it was foreseeable that a product would be put to a given use is a question of fact; it was error for a trial court to grant a motion for a directed verdict of no cause of action for lack of a legal duty on defendant's part running to the plaintiff where the existence of any legal duty was dependent upon the foreseeability on defendant's part that other persons would be on a roof and might attempt to step upon a hatch constructed by the defendant, because the issue of foreseeability is for the jury.

2. NEGLIGENCE—EVIDENCE—DIRECTED VERDICT.

   It was error for a trial court to direct a verdict of no cause of action, in a negligence case involving a fall through a hatch cover constructed by defendant, for lack of sufficient evidence that defendant had constructed the hatch cover through which plaintiff fell where there were witnesses who testified that the hatch cover in question was constructed by the defendant.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

   It was error for the trial court in a negligence action involving a fall through a hatch cover to direct a verdict of no cause of action on the ground of contributory negligence of plaintiff in stepping on the hatch cover because whether plaintiff's stepping upon the cover amounted to contributory negligence is a question of fact for the jury to decide.

Appeal from Wayne, Philip J. Glennie, J. Submitted Division 1 April 11, 1973, at Detroit. (Docket No. 13721.) Decided June 26, 1973. Leave to appeal denied, 391 Mich —.

Complaint by Ronald Barger against Sheet

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 57 Am Jur 2d, Negligence §§ 7, 9.

[3] 57 Am Jur 2d, Negligence § 297.

Metal Industries, Inc., for damages for injuries sustained in a fall through a hatch in a roof. Directed verdict for defendant. Plaintiff appeals. Reversed and remanded.

*Zwerdling, Maurer, Diggs & Papp,* for plaintiff.

*Harvey, Kruse & Westen, P. C.,* for defendant.

Before: BRONSON, P. J., and R. B. BURNS and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. Plaintiff, an employee of Ford Motor Company, was injured when he fell through a hatchway located on the roof of Ford's Dearborn Iron Foundry. Plaintiff was working on the roof of the foundry, stepped upon the hatch cover to get a piece of material, whereupon the hatch cover gave way and he fell to the floor 40 feet below. It was plaintiff's contention that defendant company was the designer and constructor of the hatch and that the design of the hatch was improper in that it would not bear the weight of a man.

Defendant, while admitting that it constructed a hatch for the roof of the foundry and admitting that the hatch it constructed would not support the weight of a man, denied liability, asserting that: (1) as a matter of law it owed no duty to construct a hatch which would support the weight of a man and therefore owed no duty to plaintiff; (2) the hatch which plaintiff fell through was not the hatch which it had designed and constructed; and (3) in any event plaintiff was contributorily negligent as a matter of law.

At the trial it was brought out that defendant

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

had agreed to design and fabricate the hatch to cover a hole that defendant had cut in the roof in order to bring in certain dust collectors which defendant was installing in the foundry. Since it was an oral agreement between Ford and defendant, no specific instructions were given as to how the cover was to be constructed, although there was some testimony that Ford requested that the hatch be peaked at the center. At the conclusion of proofs the trial judge granted defendant's motion for a directed verdict of no cause for action. Plaintiff appealed.

Defendant asserts that as a matter of law it had no duty running to plaintiff, the breach of which was the proximate cause of plaintiff's injuries. The question of whether a legal duty exists is, of course, a question of law. *Elbert v Saginaw,* 363 Mich 463, 476; 109 NW2d 879, 885 (1961). The trial judge determined that there was no duty running from defendant to plaintiff. In this determination the trial court erred.

Since defendant's employees had worked on the roof when installing the dust collectors, it knew that men worked thereon. It was a question of fact as to whether it was foreseeable on defendant's part that other persons would be on the roof and that such persons might attempt to step upon the hatch. If these acts were foreseeable, then defendant did have the duty to design and construct a "safe" hatch cover, *i.e.,* a hatch cover which either would support the weight of a man or would alert the man to the danger or inappropriateness of standing upon the hatch cover. Since defendant's "duty" is dependent upon whether plaintiff's presence upon the roof and stepping upon the hatch cover was foreseeable, and inasmuch as the question of foreseeability is a question of fact, the trial judge erred in granting the motion for a directed

verdict in favor of defendant, rather than allowing the jury to do its job.

This brings us to the next question, whether there was sufficient evidence for the jury to determine that the hatch cover which plaintiff fell through was the one designed and constructed by defendant. Basically, it was defendant's claim that since plaintiff indicated the cover he fell through was flat, it could not be the cover constructed by defendant, since they constructed a hatch cover with a peak of about eighteen inches at the center. It will suffice to say that there were other witnesses who testified that the hatch cover through which plaintiff fell was the one constructed by defendant. It was for the jury to determine where the truth lay.

By the same token, whether plaintiff's stepping upon the cover amounted to contributory negligence is a question of fact for the jury to decide. Certainly, if as plaintiff claims, the cover was basically flat and unguarded, it is a question for the jury to determine whether stepping upon such a cover constituted contributory negligence.

Reversed and remanded for a new trial. Costs to abide the final result.

All concurred.